UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PAMELA LYNN LAWSON                                                 PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:08-CV-19-DPJ-JCS

CHRYSLER LLC, HONEYWELL
INTERNATIONAL, INC. AND KEY
SAFETY SYSTEMS, INC.                                        DEFENDANTS

**ORDER**

This products liability action is before the Court on Defendant Chrysler LLC's motion to dismiss for lack of jurisdiction. Plaintiff Pamela Lawson has responded in opposition. Having considered the submissions of the parties, along with the pertinent authorities, the Court finds that Defendant's motion to dismiss should be granted.

**I. Overview**

Plaintiff alleges that she was injured in a single car accident that occurred on July 31, 2005 in Waynesboro, Mississippi. Complaint ¶ 19. She brought this suit against Defendants Chrysler LLC, Honeywell International, Inc. and Key Safety Systems, Inc., invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no dispute that the amount in controversy exceeds $75,000. The issue is whether Plaintiff has met her burden of establishing that Chrysler LLC is a diverse party.

**II. Analysis**

    A.    Rule 12(b)(1) Standard

Chrysler LLC moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In analyzing a motion to dismiss under Rule 12(b)(1), the Court must first determine whether Defendant's

motion is a "facial" or "factual" attack upon the Complaint.

> Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

*Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Furthermore,

> [b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Here, Chrysler LLC offered a factual attack supported by evidence outside the pleadings. Plaintiff therefore carries the burden of proving by a preponderance of the evidence that this Court has subject matter jurisdiction over her claims. *Id.*

B. Rule 12(b)(1) Analysis

Federal district courts have the power to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a)(1) (2006). "When jurisdiction is based on diversity, we adhere *strictly* to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1998) (emphasis added) (quoting *McGovern v. Am. Airlines, Inc.*,

511 F.2d 653, 654 (5th Cir. 1975)). Moreover, "the rules of federal jurisdiction, while sometimes technical and counterintuitive, are strict and mandatory." *Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986).

Chrysler LLC claims jurisdiction is lacking because Plaintiff has failed to meet her burden of demonstrating that it is a diverse party.[1] Distinct rules apply when determining the citizenship of a limited liability company such as Chrysler LLC. According to the Fifth Circuit Court of Appeals, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). In this case, Chrysler LLC has two members, both of which are LLCs. Thus, the only way to determine the citizenship of "all of its members," *id.*, is to determine the citizenship of the two members' members.

Plaintiff suggests that tracing members through the full length of the organization stretches *Harvey* beyond its facts. However, two recent unpublished opinions involving a limited partnership suggest that such analysis is necessary. In *Mullina v. TestAmerica Inc.*, the Fifth Circuit *sua sponte* noted that the defendant's citizenship had not been sufficiently pled for diversity purposes. 300 F. App'x 259, 260 (5th Cir. 2008). Although the defendant claimed that citizenship was diverse, the Fifth Circuit noted that the defendant's corporate disclosure listed "numerous limited partners, including a limited liability company, several trusts, two limited partnerships, and several other businesses of unknown type, for which they provide no citizenship information." *Id.* Upon remand, "the district court trac[ed] their citizenships down

---

[1] The citizenship of Defendants Honeywell International, Inc. and Key Safety Systems, Inc. are not the subject of this motion.

the various organizational layers where necessary" and found complete diversity to exist. *Mullina v. TestAmerica Inc.*, No. 08-11224, 2009 WL 807458, at *9 (5th Cir. Mar. 30, 2009) (affirming trial court's finding of diversity where LLC members included a sole general partner, thirty-one (31) limited partners, sixteen (16) individuals, six (6) corporations, three (3) trusts, four (4) general partnerships, a limited partnership, and a limited liability company); *see also Wright v. JPMorgan Chase Bank, NA*, Civ. A. No. 09-CV-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.") (citing *Feaster v. Grey Wolf Drilling Co.*, No. 07-0879, 2007 WL 3146363 (W.D. La. Oct. 25, 2007)).

Here, one of Chrysler LLC's members, Chrysler Holding LLC, has a complex structure that would require substantial discovery to determine whether any of the members are citizens of Mississippi. Plaintiff, to her credit, attempted to ascertain information from Chrysler LLC through requests for admission, requests for production of documents, and subpoenas duces tecum. However, Chrysler LLC does not maintain or have custody of the business records of its members or their members' members. Consequently, Chrysler LLC could not confirm that there are no Mississippi members.[2]

Additionally, Plaintiff has attempted to discover Chrysler LLC's citizenship by issuing subpoenas to some of the non-party entities believed to be members of one of Chrysler LLC's members. Those entities provided a summary overview stating that they know of no Mississippi

---

[2] Van Der Weile Aff. at 10.

citizens but that there are dozens of LLC's and LP's in the Chrysler LLC ownership chain, and that tracking those members could require inquiry from hundreds, or even thousands, of entities with no guarantee of answering the citizenship question. The non-parties therefore moved to quash the subpoenas [99]. Plaintiff, who understandably did not wish to incur the expense of conducting potentially overwhelming and ultimately fruitless discovery, conceded that the subpoenas should be quashed, but moved the Court to require Chrysler LLC to definitively answer the requests for admission regarding its citizenship. On January 21, 2009, Magistrate Judge Sumner granted the unopposed motion to quash and denied what was essentially a motion to compel more thorough responses from Chrysler LLC [110]. Plaintiff did not appeal the magistrate judge's order.

Plaintiff now offers three arguments for finding jurisdiction. First, she implores this Court to transfer the burden of proof to Defendant to prove that it has one or more Mississippi members. However, the party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Second, Plaintiff alternatively asks the Court to require Chrysler LLC to respond to the requests for admission admitting that complete diversity exists. This argument is foreclosed by Plaintiff's failure to appeal Magistrate Judge Sumner's denial of the same request.

Finally, Plaintiff argues that she has met her burden by a preponderance of the evidence. There is certainly no evidence of any Mississippi members among the initial LLC members. However, the affidavit of Seth Plattus [attached to the Non-Party Motion to Quash] demonstrates that the citizenship of hundreds, if not thousands, of entities have not been considered. As noted, this Court must "adhere *strictly* to the rule that citizenship of the parties must be distinctly and

affirmatively alleged." *Getty Oil Corp.,* 841 F.2d at 1259 (emphasis added) (internal quotations omitted). Under the very limited circumstances of the present motion, the Court concludes that Plaintiff has not demonstrated diversity jurisdiction by a preponderance of the evidence. *See also Mullins*, 300 F. App'x at 260 (holding that "Defendants' stated belief '[t]o the best of [their] knowledge' that none of these entities has members, partners, trustees, or principal places of business in [plaintiffs' state of citizenship] falls manifestly short of distinctly and affirmatively alleging [the limited liability partnership's] citizenship"). [3]

IT IS HEREBY ORDERED that Plaintiff's claims are dismissed without prejudice.

**SO ORDERED AND ADJUDGED this the 7th day of April, 2009.**

s/ *Daniel P. Jordan III*<br>**UNITED STATES DISTRICT JUDGE**

---

[3] The Court expressly holds that this case was filed in federal court on the good faith belief that Chrysler LLC was not a Mississippi resident. Moreover, the dismissal of this action is a matter of form pursuant to Mississippi Code Ann. §15-1-69 (Rev. 2003).